CHARLES H. THOMPSON,        )  Civil Action
                                )  No. 10-cv-2058
           Plaintiff     )
                                )
        vs.               )
                                )
MED-MIZER, INC., and        )
LINAK U.S., INC.,           )
                                )
          Defendants    )

\*   \*   \*

APPEARANCES:

        JOHN BRIAN FROCK, ESQUIRE
           On behalf of Plaintiff

        PAUL C. TROY, ESQUIRE
           On behalf of Defendant Med-Mizer, Inc.

        THOMAS K. SCHINDLER, ESQUIRE
           On behalf of Defendant Linak U.S., Inc.

\*   \*   \*

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

      This matter is before the court on the Motion of Moving Defendant Med-Mizer, Inc. Pursuant to Federal Rule of Civil Procedure 12(b)(6) to Dismiss Plaintiff's Complaint, which motion was filed August 30, 2010, and Defendant, Linak U.S., Inc.'s, Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), which motion was filed

August 31, 2010.  Plaintiff's Reply to Motions to Dismiss by Med-Mizer, Inc. and by Linak U.S., Inc. was filed September 29, 2010.

For the following reasons, I grant each motion in part and deny each motion in part.  Specifically, each motion in the nature of a motion to dismiss the negligence claim alleged in Count One of plaintiff's Amended Complaint is granted.  Count One of the Amended Complaint is dismissed without prejudice for plaintiff to re-plead his negligence claim in accordance with this Opinion.  In all other respects, each motion to dismiss is denied.

## JURISDICTION

Jurisdiction in this case is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiff is an individual who is a citizen of Pennsylvania.  Defendant Med-Mizer is an Indiana corporation with its principal place of business in Indiana.  Defendant Linak U.S., Inc. is a Delaware corporation with its principal place of business in Kentucky.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to plaintiffs' claims allegedly occurred in Lancaster County, Pennsylvania, which is within this judicial district.

<u>PROCEDURAL HISTORY</u>

Plaintiff initiated this products liability action on May 5, 2010 by filing a three-count civil Complaint against defendants Med-Mizer, Inc. and Linak U.S., Inc. The Complaint alleged claims for negligence (Count One), strict liability under the Restatement (Second) of Torts, § 402A (Count Two); and strict liability under the Restatement (Third) of Torts, § 2 (Count Three).[1] Plaintiff's claims arise from injuries sustained by plaintiff as the result of an allegedly defective retractable bed.

On June 16, 2010, defendant Med-Mizer filed a motion to dismiss Counts Two and Three. On June 30, 2010, defendant Linak filed an Answer to plaintiff's Complaint.[2]

By Order dated July 27, 2010, I directed plaintiff to file an amended complaint for the limited purpose of properly pleading this court's subject matter jurisdiction over the action, and I dismissed Med-Mizer's motion to dismiss without prejudice to refile, if appropriate, after the filing of an amended complaint. Plaintiff filed his Amended Complaint on

---

[1]    Count Three does not specify that it relies on Section 2 of the Third Restatement. However, as discussed more fully below, such reliance is apparent.

[2]    Although the title of Linak's Answer indicated that it alleged a cross-claim against Med-Mizer, the body of the Answer did not contain a cross-claim.

August 20, 2010 alleging the same claims as were alleged in his original Complaint.

On August 30, 2010, defendant Med-Mizer filed its within motion to dismiss the Amended Complaint in its entirety. Defendant Linak filed its motion to dismiss on August 31, 2010. Defendants' motions are substantively the same, and so I refer to them collectively. Plaintiff filed one consolidated reply to the two motions to dismiss on September 29, 2010. Hence this Opinion.

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings. Sands v. McCormick, 502 F.3d 263, 268 (3d. Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with

Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Rule 8(a)(2) "[does] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[3]

In determining whether a plaintiff's complaint is sufficient, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief."  <u>Fowler</u>, 578 F.3d at 210 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory or bare-bones allegations will [not] survive a motion to dismiss," <u>Fowler</u>, 578 F.3d at 210, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  <u>Phillips</u>, 515 F.3d at 231.  Nonetheless,

---

[3] The Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, __ U.S. __, __, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and that the plaintiff is entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, ___ U.S. at ___, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).  As the Supreme Court explained in <u>Iqbal</u>, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant acted unlawfully."  <u>Iqbal</u>, ___ U.S. at ___, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.

to survive a 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted therein. <u>Fowler</u>, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. <u>Id.</u> at 210-211.  Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  <u>Id.</u> at 211 (quoting <u>Iqbal</u>, __ U.S. at __, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." <u>Iqbal</u>, __ U.S. at __, 129 S.Ct. at 1949-1950, 178 L.Ed.2d at 884-885. A well-pleaded complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."

<u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941.

FACTS

Based upon the averments in plaintiff's Amended Complaint, which I must accept as true under the foregoing standard of review, the pertinent facts are as follows.

Defendant Med-Mizer is a producer of products for the healthcare industry, particularly retractable beds.  Defendant Linak is a corporation which designs Medline and Careline systems for the healthcare business.

Plaintiff was an employee of Willow Valley, a nursing home facility in Willow Street, Lancaster County, Pennsylvania. Willow Valley had purchased Med-Mizer beds with Linak actuator components.  On June 15, 2008, while plaintiff was attempting to reconnect a disconnected electrical connector of a Med-Mizer bed having Linak Medline components, the frame of the bed unexpectedly lowered and plaintiff's leg became entrapped.

The bed and its components may have failed to meet regulations and/or standards in the healthcare industry and were inadequately designed, assembled and evaluated for safe operation in the healthcare industry.  The bed and components presented to the healthcare staff a risk of injury from entrapment following reconnection, and did not incorporate available connections and mechanisms which would have eliminated the risk.

As a result of the entrapment, plaintiff sustained personal injuries, including but not limited to left common peroneal neuropathy and left tibial neuropathy, patellar contusion, effusion, left foot drop and numbness, altered gait, and shock to the nerves and nervous system. Because of his injuries, plaintiff required immediate medical care and incurred expenses. He has continued to receive medical attention, and he may be required to receive medical attention and incur expenses in the future.

As a result of his injuries, plaintiff has been unable to perform all of his usual and customary activities, including gainful employment, and he will be so limited, restricted and impaired in the future. Also as a result of his injuries, plaintiff has endured physical pain and suffering, mental anguish, emotional distress, loss of life's pleasures, and loss of his sense of well being, and he will be so affected in the future.

<u>CONTENTIONS OF THE PARTIES</u>

<u>Contentions of Defendants</u>

Defendants seek dismissal of plaintiff's Amended Complaint in its entirety.

Regarding Count One, defendants contend that plaintiff has not sufficiently pled the elements of a cause of action for negligence. Specifically, defendants aver that although

plaintiff has alleged breach of a duty by each defendant, he does not plead required elements of duty, proximate cause, and loss or damages. Therefore, defendants assert that Count One should be dismissed for failure to state a claim upon which relief may be granted.

Defendants seek to dismiss Count Two, which alleges a claim under section 402A of the Restatement (Second) of Torts, because the United States Court of Appeals for the Third Circuit has predicted that the Supreme Court of Pennsylvania would apply section 2 of the Restatement (Third) of Torts rather than section 402A of the Second Restatement to a products liability action.

Defendants contend that in the absence of controlling Pennsylvania case law adopting the Third Restatement, this court is bound by the Third Circuit's prediction, and therefore the Third Restatement should apply to plaintiff's claim for strict liability. Accordingly, they seek dismissal of Count Two.

Defendants aver that Count Three, which is titled "Restatement, 3d, Products Liability", should be dismissed because it fails to specify which section or sections of the Third Restatement upon which plaintiff relies. Defendants assert that under Rule 8(a) of the Federal Rules of Civil Procedure, plaintiff is required to state the law under which he states his claims, and that defendants are unable to determine the specific

sections of the Third Restatement upon which plaintiff's allegations are based.

Finally, defendants seek to strike plaintiff's plea for attorneys' fees and costs because plaintiff has not identified any statute or contract which authorizes attorneys' fees and costs in this action. Moreover, defendants aver that plaintiff has not identified any other established exception to the general rule in Pennsylvania, under which attorneys' fees typically are not recoverable.

Plaintiff's Contentions

Plaintiff concedes that Count One does not recite the elements of a negligence claim. However, he avers that his Amended Complaint satisfies Rule 8(c)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief". Specifically, plaintiff contends that the allegations set forth in paragraphs 6-11 and in the five subparts of paragraph 12 satisfy Rule 8(c)(2).

Regarding Count Two, plaintiff contends that "he should not be required to avoid §402A [of the Second Restatement] at this stage, lest the Pennsylvania Supreme Court expressly reject the Berrier[4] rationale." In support of this argument, plaintiff

---

[4]    Berrier v. Simplicity Manufacturing, Inc., 563 F.3d 38, 53 (3d Cir. 2009). As discussed below, in Berrier, the United States Court of

(Footnote 4 continued):

incorporates a portion of his response in opposition to defendant Med-Mizer's original motion to dismiss, in which plaintiff argues that this court is only bound by the Third Circuit's prediction on state-law issues unless or until the Supreme Court of Pennsylvania subsequently holds otherwise. Plaintiff avers that because the Supreme Court of Pennsylvania may not follow the Third Circuit's prediction, he should be permitted to plead a cause of action under the Second Restatement.

Regarding Count Three, plaintiff suggests that he has pled language from section 2(b) of the Restatement (Third) of Torts rather than specifying that section. In support of his pleading, plaintiff contends that under the <u>Twombly</u> pleading standard, more than "labels and conclusions, and a formulaic recitation" are required.

Finally, plaintiff "acknowledges that attorneys fees are not readily recoverable." (Plaintiff's response, section D.) However, although plaintiff has identified no applicable recognized exception to the general rule that attorneys' fees are not recoverable, he contends that discovery may reveal facts which would support an award of fees under some recognized

---

(<u>Continuation of footnote 4</u>):

Appeals for the Third Circuit predicted that the Supreme Court of Pennsylvania would adopt Section 2 of the Restatement (Third) of Torts in place of Section 402A of the Restatement (Second) of Torts, which was adopted by the Supreme Court of Pennsylvania in 1966. Plaintiff contends that he should be permitted to state a claim under the Second Restatement despite the Third Circuit's prediction in <u>Berrier</u>.

exception, and that if no such facts are discovered, plaintiff will narrow his request for damages accordingly.

## DISCUSSION

In this diversity action, the court must apply the substantive law of the state in which the claim arose. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The parties agree that Pennsylvania tort law and products liability law govern this action.

### Count One

Count One alleges a claim for negligence against both defendants. To establish negligence in Pennsylvania, plaintiff must demonstrate that: (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) the breach resulted in injury to the plaintiff; and (4) plaintiff suffered damage. Martin v. Evans, 551 Pa. 496, 502, 711 A.2d 458, 461 (Pa. 1998).

Defendants aver that Count One of the Amended Complaint pleads only breach, and fails to plead duty, injury and damage. Taking the facts alleged in the Amended Complaint as true, as I am required to do for purposes of this motion to dismiss, plaintiff has stated facts which support a conclusion that he suffered damage as a result of an incident with a Med-Mizer bed, and therefore the fourth element has been pled.

Specifically, paragraphs 7 through 11 of the Amended Complaint allege that while plaintiff was attempting to reconnect an electrical connector on the bed, the bed frame unexpectedly lowered and plaintiff's leg became entrapped, requiring immediate medical care and causing physical injury and monetary expense. These allegations suffice to satisfy the fourth element of a cause of action for negligence, i.e., that plaintiff suffered damage. However, I agree with defendants that the Amended Complaint does not plead facts which establish the first element (duty) or third element (causation).

Paragraph 13 alleges that defendants were negligent "in providing to the Willow Valley facility a retractable bed and components" which may have failed to meet healthcare industry standards or regulations; were inadequately designed, assembled and evaluated for safe operation in the healthcare industry; presented to healthcare staff a risk of injury from entrapment following reconnection; failed to incorporate available connections and mechanisms which would have eliminated the risk of injury; and failed to design and produce a product which was reasonably safe for people expected to use or consume it. However, none of those facts establish that defendants owed a duty to plaintiff, or that the bed "unexpectedly lowered and plaintiff's leg became entrapped" because of defendants' actions.

Thus, neither the duty element nor the causation element has been pled.

"The mere occurrence of an accident does not establish negligent conduct." <u>Martin</u>, 551 Pa. at 502, 711 A.2d at 461. Rather, plaintiff must establish that "defendant engaged in conduct that deviated from the general standard of care expected under the circumstances, and that this deviation proximately caused actual harm." <u>Id.</u> Plaintiff clearly has pled that he was injured while working with a Med-Mizer bed with Linak Medline components. However, he has not pled facts which establish that defendants' conduct proximately caused the harm. <u>Id.</u>

Accordingly, I conclude that Count One does not state a claim upon which relief may be granted, and I grant defendants' motions to dismiss that count without prejudice for plaintiff to replead his negligence claim.

Count Two

Regarding Count Two, at issue for purposes of this motion is whether plaintiff states a viable claim under Section 402A of the Restatement (Second) of Torts, which addresses strict liability. Although the Supreme Court of Pennsylvania has expressly adopted Section 402A of the Second Restatement for strict liability, defendants aver that plaintiff may not state a claim under the Second Restatement because the United States Court of Appeals for the Third Circuit has subsequently predicted

-14-

that the Supreme Court of Pennsylvania will adopt Section 2 of the Restatement (Third) of Torts instead.

In 1966, the Supreme Court of Pennsylvania adopted Section 402A of the Second Restatement.  Webb v. Zern, 422 Pa. 424, 427, 220 A.2d 853, 884 (Pa. 1966).  In 2008, however, the state Supreme Court granted allocatur specifically for the purpose of addressing whether it should apply Section 2 of the Third Restatement in place of Section 402A of the Second Restatement.  Bugosh v. I.U. North America, Inc., 596 Pa. 265, 942 A.2d 897 (Pa. 2008).[5]

In April 2009, while Bugosh was pending before the Supreme Court of Pennsylvania, the Third Circuit Court of Appeals predicted that the Supreme Court would adopt the Third Restatement's approach to product liability.  Berrier v. Simplicity Manufacturing, Inc., 563 F.3d 38, 53 (3d Cir. 2009). However, by Order dated June 16, 2009, the Supreme Court dismissed the Bugosh appeal as improvidently granted.  601 Pa. 277, 971 A.2d 1228 (Pa. 2009).

Defendants argue that because it dismissed Bugosh, the Supreme Court of Pennsylvania still has not addressed the issue of whether Pennsylvania would adopt the Third Restatement.

---

[5]     In Bugosh, the Superior Court of Pennsylvania denied a motion for a new trial where defendants, manufacturers of asbestos products, argued that the trial court should have applied Section 2 of the Third Restatement rather than Section 402A of the Third Restatement.  Bugosh v. Allen Refractories Company, 932 A.2d 901, 910-911 (Pa.Super. 2007).

Therefore, defendants argue, this court is bound by the Third Circuit's prediction that the Third Restatement will be adopted in Pennsylvania.

However, some courts in this district have interpreted the Supreme Court's dismissal of Bugosh as a clear indication that the Second Restatement remains the law in Pennsylvania, and therefore have not followed Berrier. Sweitzer v. Oxmaster, Inc., 2010 WL 5257226, at *3-4 (E.D.Pa. Dec. 23, 2010)(Pratter, J.); Durkot v. Tesco Equipment, LLC, 654 F.Supp.2d 295, 298-299 (E.D.Pa. 2009) (Hart, M.J.). See also Milesco v. Norfolk Southern Corporation, 2010 WL 55331, at *3 (M.D.Pa. Jan. 5, 2010)(Jones, J.). But see Covell v. Bell Sports, Inc., 2010 WL 4783043, at *4-5 (E.D.Pa. Sept. 8, 2010)(Diamond, J.); Hoffman v. Paper Converting Machine Company, 694 F.Supp.2d 359, 364-365 (E.D.Pa. 2010)(Tucker, J.); Richetta v. Stanley Fastening Systems, L.P., 661 F.Supp.2d 500, 506-507 (E.D.Pa. 2009) (Golden, J.); Martinez v. Skirmish, U.S.A., Inc., 2009 WL 1437624 (E.D.Pa. May 21, 2009)(Padova, J.).

Under the Erie doctrine, a federal court sitting in diversity must apply the state law as announced by the highest state court. Edwards v. HOVENSA, LLC, 497 F.3d 355, 361 (3d Cir. 2007). Here, the Supreme Court of Pennsylvania's decision in Webb, which adopted Section 402A of the Second Restatement, remains good law. Moreover, as indicated in Pennsylvania Supreme

Court Justice Thomas G. Saylor's opinion dissenting from the Supreme Court's dismissal of the Bugosh appeal, Section 402A of the Second Restatement remains the law of Pennsylvania on strict liability. Bugosh, 601 Pa. at 279-312, 971 A.2d at 1229-1249 (Saylor, J., dissenting).

Additionally, I note that following the Bugosh dismissal by the Supreme Court, the Superior Court's decision in Bugosh affirming the applicability of the Second Restatement remains unreversed. Sweitzer, 2010 WL 5257226, at *3 (citing Bugosh, 932 A.2d at 911 (Pa.Super. 2007). Although a state intermediate appellate decision is not automatically controlling, "it is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." Edwards, 497 F.3d at 361 (quoting West v. American Telephone and Telegraph Co., 311 U.S. 223, 237, 61 S.Ct. 179, 184, 85 L.Ed. 139, 144 (1940)).

Thus, although generally I am bound by the Third Circuit's prediction of Pennsylvania law, I agree with my colleagues' conclusions in Sweitzer and Durkot that this court is not bound by Berrier on the issue of whether the Supreme Court of Pennsylvania would adopt the Third Restatement. This court is not required to follow the Third Circuit's prediction where "the state's highest court issues a decision contradicting that

prediction or state intermediate appellate court's decisions subsequently indicate that prediction has not come to pass." Sweitzer, 2010 WL 5257226, at *4 (citing Largoza v. General Electric Company, 538 F.Supp. 1164, 1166 (E.D.Pa. 1982)).

It is clear from the Supreme Court's decision to dismiss the Bugosh appeal, and subsequent intermediate appellate caselaw, that Section 402A of the Second Restatement remains the law of Pennsylvania. Although I recognize that the Supreme Court of Pennsylvania may, at some time, adopt the Third Restatement, I conclude that at this time, the Third Circuit's prediction in Berrier has not come to pass. Therefore, my determination that the Second Restatement is still the law of Pennsylvania is not inconsistent with Berrier. See Sweitzer, 2010 WL 5257226, at *4-5.[6]

Accordingly, plaintiff may allege a claim under Section 402A of the Second Restatement, and I deny defendants' motions to dismiss Count II of the Amended Complaint on that basis.

<u>Count Three</u>

Count Three is titled "Restatement, 3d, Products Liability". Defendants argue that this count should be dismissed because it fails to state the specific section(s) of the Third Restatement under which plaintiff intends to proceed.

---

[6]     As noted in Sweitzer by my colleague, United States District Judge Gene E.K. Pratter, the Superior Court of Pennsylvania has continued to apply Section 402A of the Second Restatement after Bugosh. See, e.g., Lance v. Wyeth, 4 A.3d 160, 169 (Pa.Super. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed.R.Civ.P. 8(a)(2). However, plaintiff contends that under <u>Twombly</u>, he is not required to make a formulaic recitation of the cause of action under which he seeks relief.

It is apparent from a review of plaintiff's reply, Section Two of the Third Restatement, and Count Three itself, that Count Three is meant to proceed under Section 2(b) of the Third Restatement.[7] Defendants cite no authority for the proposition that Rule 8(a) requires plaintiff to cite the specific law on which he relies, and indeed the text of Count

---

[7] Section 2 of the Third Restatement provides, in relevant part, that:

> A product is defective when, at the time of sale or distribution, it contains a manufacturing defect, is defective in design, or is defective because of inadequate instructions or warnings. A product:
>
> . . .
>
> (b) is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe....

Restatement (Third) of Torts, § 2.

Count Three alleges that "Defendants are strictly liable for providing an unsafe, defective product, having foreseeable risks of injury which could have been reduced or avoided by the use of a reasonable alternative design or component." (Amended Complaint, paragraph 17.) Thus, the language of Count Three tracks the language of Section 2(b) of the Restatement (Third) of Torts. This comports with plaintiff's reply, which makes clear that he wishes to proceed under that section.

Three indicates plaintiff's "claim". Accordingly, I deny defendants' motions to dismiss Count Three on that basis.

Nonetheless, for clarity of the record, it is the sense of this Opinion that to the extent plaintiff files a second amended complaint for purposes of repleading Count One, such an amended pleading should specify that Count Three relies on Section 2 of the Third Restatement.[8]

## Motion to Strike Attorneys' Fees

Defendants seek to strike the demand for "fees" set forth in plaintiff's prayer for relief. Under Pennsylvania law, attorneys' fees are generally recoverable only when they are (1) authorized by statute, (2) authorized by contract or agreement between the parties, or (3) authorized by some other recognized exception. Chatham Communications, Inc. v. General Press Corporation, 463 Pa. 292, 300-301, 344 A.2d 837, 842 (Pa. 1975).

Defendant avers that plaintiff has cited neither a statutory authorization, nor any contract or agreement between the parties which would authorize an award of attorneys' fees in this case, and therefore moves to strike the demand. As noted above, although plaintiff has identified no applicable recognized exception to the general rule under Chatham, he contends that

_____

[8] As discussed above, Section 2 of the Restatement (Third) of Torts is not the law of Pennsylvania. However, defendants do not move to dismiss Count Three on this basis, and therefore I do not reach the question of whether plaintiff may plead such a claim in the alternative.

discovery may reveal facts which would support an award of fees under some recognized exception.

Defendants do not contend that there is no exception under which attorneys' fees could be awarded in this case. Therefore, I conclude that it would be premature to strike plaintiff's demand for attorneys' fees at this juncture, before discovery is complete.

Accordingly, I deny defendants' motions to strike plaintiff's demand for attorneys' fees.

<u>CONCLUSION</u>

For all the foregoing reasons, I grant defendants' motions to dismiss in part, and I dismiss Count One without prejudice for plaintiff to re-plead that claim in accordance with this Opinion. In all other respects, defendants' motion is denied.