IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES THOMPSON, | : | |
| | : | CIVIL ACTION NO. 10-CV-2058 |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | |
| MED-MIZER, INC. | : | |
| | : | |
| **Defendant.** | : | |

**Henry S. Perkin, M.J.**                                                                 **November 30, 2012**

## MEMORANDUM

Before the Court is Defendant Med-Mizer's Motion for Summary Judgment (Dkt. No. 73) filed on October 15, 2012. For the reasons set forth below, this Motion is granted in part and denied in all other respects. Defendant asserts six independent grounds for granting summary judgment, which are discussed below.

**(1) Defendant requests summary judgment on Plaintiff's claims under the Restatement (Second) of Torts §402A based on the theory that the Federal Courts have adopted the Restatement (Third) of Torts §2.**

Defendant argues that Plaintiff's claims under the Restatement (Second) of Torts should be dismissed with prejudice because the United States Court of Appeals for the Third Circuit has predicted that the Pennsylvania Supreme Court will adopt the Restatement (Third) of Torts in cases of product liability actions,[1] thus requiring federal courts sitting in diversity to apply the Restatement (Third) of Torts. In light of recent case development, I am now inclined to agree with Defendant that this Court must apply the Restatement (Third) of Torts as mandated by the Third Circuit.  *See* Sikkelee v. Precision Airmotive Corp., No. 12-CV-8081 at 2-3 (3d Cir. October 17, 2012) (in denying a request to accept interlocutory appeal on the issue of whether

---

[1]  The Third Circuit predicted this change in the law in two cases, *Berrier* and *Covell*. Berrier v. Simplicity Manufacturing, 563 F.3d 38 (3d Cir. 2009); Covell v. Bell-Sports, Inc., 651 F.3d 357 (3d Cir. 2011).

the Pennsylvania Supreme Court would adopt the Restatement (Third) of Torts or continue its application of the Restatement (Second) of Torts, the Third Circuit determined that "[r]ather than examine the arguments and considerations we laid to rest [in *Berrier*], we will apply *stare decises*"). The Third Circuit concluded that "federal courts sitting in diversity and applying Pennsylvania law to products liability cases should look to sections 1 and 2 of the Restatement (Third) of Torts. The precedential holding in *Berrier*…represents the Court's view of Pennsylvania product liability law." Id. Adhering to the Third Circuit's reiteration that *Berrier* and *Covell* represent this Circuit's view on the matter, and heeding instructions to apply *stare decisis*, I will apply the Restatement (Third) of Torts in this case. Accordingly, I grant Defendant's Motion for Summary Judgment with respect to Plaintiff's claims arising under the Restatement (Second) of Torts §402A.[2]

> **(2) Defendant requests summary judgment on Plaintiff's negligence (Count I) claim under the theory that Plaintiff cannot show duty or breach, and that Plaintiff is barred by assumption of the risk and misuse doctrines.**

In Defendant's second ground for summary judgment, Defendant alleges that Count I should be dismissed for, *inter alia*, lack of duty, lack of a breach of care, assumption of the risk and misuse.[3] While Defendant correctly notes that finding duty is a matter of law,[4] this issue depends upon factual issues which are currently in dispute.[5] Similarly, Defendant's allegations of

---

[2] In doing so, I have taken into consideration the Honorable James Knoll Gardner's previous decision in this case issued prior to the most recent *Sikkelee* opinion denying Defendant's Motion to Dismiss and applying the Restatement (Second) of Torts. See Opinion of Judge Gardner, (Dkt. No. 20) filed on March 21, 2011 at 14-18.

I also recognize my own change in opinion as previously articulated in the Memorandum Opinion in Carpenter v. Shu-Bee's, Inc., No. 10-CV-0734 (July 9, 2012). In *Carpenter*, I held that the Restatement (Second) of Torts applied as courts are "not required to follow the Third Circuit's prediction where the state's highest court issues a decision contradicting that prediction or state intermediate appellate court's decisions subsequently indicate that prediction has not come to pass." Carpenter, No. 10-CV-0734 at 4. Given the recent discussion by the Third Circuit in *Sikkelee*, however, my reasons set forth in the *Carpenter* Memorandum no longer apply.

[3] See Defendant's Memorandum to Motion for Summary Judgment (Dkt. No. 73) at Section IV(C).

[4] Id. at Section IV(C)(1).

[5] Among the factual issues in dispute, the foreseeability of the risk of harm in conjunction with Plaintiff's alleged misuse of the bed is a genuine issue of fact needed to determine the scope of Defendant's duty.

2

misuse and contributory negligence require the resolution of disputed facts.[6] As there are numerous genuine issues of fact in dispute to assess Plaintiff's claims of negligence in Count I, Defendant's Motion for Summary Judgment is denied on these grounds.

### (3) Defendant requests summary judgment under the theory of spoliation of evidence.

Defendant alleges that spoliation of the evidence in connection with Plaintiff's expert's examination of the bed precludes Plaintiff from recovering.[7] Specifically, Defendant alleges that potential expert Roger Boyell manipulated the pins of the RJ45 connector and removed the connector from its original place on the bed, rendering the evidence different from its original condition at the time of the incident.[8] Additionally, Defendant claims it was "unable to examine, inspect and deduce what the condition of the Med-Mizer bed and RJ45 connector were on June 15, 2008"[9] thus precluding Defendant from preparing a full defense.

As highlighted in Plaintiff's Response, Defendant's Vice President was present at this examination, the examination was conducted 17 months prior to Defendant's Answer being filed, numerous parties were present, and photographs were taken to ensure accuracy.[10] Any decision regarding manipulation of the device involves examination of contested factual issues;[11] as such, it is not an appropriate decision at the summary judgment stage. Moreover, I do not find that this rises to the level of destruction or withholding of evidence, and sanctions in the form of summary judgment are not appropriate.

---

[6] These include, but are not limited to, the adequacy of inspection of the Med-Mizer Retractabed #700354, the adequacy of the warnings contained in written materials shipped with the product, the reasonableness of Plaintiff in attempting to re-plug the device while placing himself underneath the bed, Plaintiff's knowledge of the product, and the foreseeability of Plaintiff's use of the product.

[7] *See* Defendant's Memorandum to Motion for Summary Judgment (Dkt. No. 73) at Section IV(D).

[8] Id. at Section IV(D).

[9] Id.

[10] *See* Plaintiff's Memorandum to Response to Motion for Summary Judgment (Dkt. No. 76) at 12-14.

[11] For example, the credibility of Robert Boyell and Tieg Gonzalez surrounding their testimony of the events occurring at the examination.

**(4) Defendant requests summary judgment on Plaintiff's Restatement (Third) of Torts §2 claims under the theory that Plaintiff cannot establish liability under the manufacturing defect, design defect or lack of adequate warning theories.**

Defendant requests summary judgment on all three grounds alleged under the Restatement (Third) of Torts, including (1) manufacturing defect, (2) design defect, and (3) improper warning. Defendant incorporates its argument on spoliation of evidence as grounds for dismissing Plaintiff's manufacturing defect, which is denied for the reasons set forth above.[12]

With respect to Plaintiff's design defect claim, resolution of this issue involves contested issues of material fact.[13] Similarly, Plaintiff's lack of adequate warning claim requires resolution of contested issues of material fact.[14] As such, Defendant's Motion for Summary Judgment on these claims is denied.

**(5) Defendant requests summary judgment on Plaintiff's Restatement (Second) of Torts §402A claims under the theory that there is no evidence to show Defendant's product was defective.**

As discussed in Section (1) of this Memorandum, I am granting Defendant's Motion for Summary Judgment with respect to Plaintiff's claims arising under the Restatement (Second) of Torts §402A as Plaintiff must now proceed under the Restatement (Third) of Torts §2.

**(6) Defendant requests summary judgment under the theory that Plaintiff failed to join indispensable parties Advanced Technology and Dewert.**

I adopt the reasoning set forth by the Honorable James Knoll Gardner in his Order denying Defendant's Motion for Judgment on the Pleadings regarding Plaintiff's alleged failure

---

[12] Additionally, the identity of the manufacturer (of the final product and of the RJ45 connector) remains a contested factual issue. This issue is also addressed in Section 6 of this Memorandum, regarding failure to join impermissible parties, as well as Judge Gardner's Order on Motion for Judgment on the Pleadings. *See* Order of Judge Gardner, (Dkt. No. 60) filed on July 31, 2012 at n. 4.

[13] Among others, there are disputed issues of material fact surrounding the reasonable alternatives that could have been used by Defendant in production, the reasonableness of using the RJ45 connectors selected, and causation of the malfunction.

[14] The adequacy of a warning in an instruction manual versus a warning label on the actual product is a genuine issue of fact necessary to the resolution of this claim.

to join indispensable parties.[15] In his Order, Judge Gardner set forth his reasoning as to why Advanced Technology and Dewert were not necessary parties under Rule 19 of the Federal Rules of Civil Procedure in this matter, namely that (1) joint tortfeasors are not generally considered necessary parties and (2) absence of Advanced Technology and Dewert did not preclude the court from effecting relief.[16] For these reasons I deny Defendant's Motion for Summary Judgment with respect to Plaintiff's alleged failure to join indispensable parties.

An Order follows.

---

[15] *See* Order of Judge Gardner, (Dkt. No. 60) filed on July 31, 2012 at n. 4.
[16] Id. at n.4 (citing F.R.C.P. 19(a)(1)(A) where a party must be joined if in the persons' absence the court cannot afford complete relief among existing parties.)